

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar Pfeil
County Attorney
Guadalupe County
Seguin, Texas

Dear Mr. Pfeil:

Opinion No. O-963
Re: Constable's fees in traffic cases.

Your request for our opinion upon several questions has been received by this department. We quote from your letter as follows:

"The questions hereinafter submitted for your opinion arise out of the following fact situation:

"A constable, without any other witnesses being present, stops a person on the highway for speeding or some other traffic violation and gives the motorist an appearance ticket, which directs the motorist to appear before the J.P. at a future date for the violation of the speeding law. The officer then permits the motorist to drive on his way, and several days later, the motorist writes to the J.P. inquiring as to the amount of the costs if he pleads guilty and the J.P. fines him $1.00 and costs.

"Question #1: Has the motorist been arrested? Art. 239 (C.C.P.) provides as follows:

"'A person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer or persons executing the warrant of arrest'.

"(a) Is the stopping of the motorist and giving him an appearance ticket an arrest, as the term 'arrest' is defined in Art. 239, entitling the officer to the $2.00 fee for an

arrest without warrant?

"(b) Would the officer not be required to take a bond before permitting the motorist to go on his way, before there can be an 'arrest' as defined in Art. 239?

"Question #2: What does the officer have to do to be entitled to collect the $1.50 for taking and approving a bond? Would he be entitled to charge $1.50 if he has the motorist sign a bond out on the highway without requiring sureties to sign? Does the appearance ticket, if signed by the motorist and such signed copy given to the officer amount to a bond, entitling the officer to charge the $1.50 fee?

"Question #3: Is the constable entitled to charge $2.00 for a 'commitment and release' where he permits the motorist to go on his way after the motorist signs a bond out there on the road and then goes on his way?

"Question 3A: Does Art. 344 (P.C.), which provides as follows:

"A person is 'legally confined in jail' or 'legally detained in custody' when he has been committed or arrested upon a legal warrant, or arrested in any legal manner.'

mean that an officer can charge $2.00 for 'committing and releasing' a defendant, when the officer merely arrests the defendant, takes him to the Sheriff's office and keeps him in custody and locks him in a little room in the Sheriff's office for a few hours until someone makes bond for him and then releases him without ever taking him to jail?

"Art. 1065 (C.C.P.) provides that an officer is allowed to charge a fee of one dollar for 'each commitment or release'. What must the officer do in a misdemeanor case to be entitled to charge $1.00 for 'committing' a person? Must he commit him to jail or merely to the officer's custody? Can an officer charge $1.00 for a commitment before conviction, or does the term 'commitment' as used in Article 1065 mean a commitment after conviction, either to lay out the fine and costs or to serve a jail sentence... When is the constable entitled to a release fee?"

Article 239, Code of Criminal Procedure of Texas, provides that a person is said to be arrested when he has been actually placed under restraint, or taken into custody by the officer or person executing the warrant of arrest.

Article 792, of the Penal Code of Texas, reads as follows:

"Violation of promise to appear.- In case of any person arrested for violation of the preceding articles relating to speed of vehicles, unless such person so arrested shall demand that he be taken forthwith before a court of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurisdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof. and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person willfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be fined not less than five nor more than two hundred dollars."

In answer to your questions (a) and (b) of Question No. 1, the determination of whether or not the motorist was under arrest by the constable depends upon the following issue of fact:

"If the motorist had attempted to leave at the time the constable stopped him, would the constable have permitted him to leave?

You are respectfully advised that it is the opinion of this department that if the above question be answered in the negative, the motorist was under arrest. If the above question be answered in the affirmative, the motorist was not under arrest. You are further respectfully advised that it is the opinion of this department that if the above question be answered in the negative the driver was under arrest, regardless of whether or not the constable took the motorist's bond.

Article 1065, Code of Criminal Procedure of Texas, reads, in part, as follows:

"The following fee shall be allowed the Sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, $2.00.

"2. * * *

"3. * * *

"4. For taking and approving each bond, and returning the same to the courthouse, when necessary, $1.50.

"5. For each commitment or release, $1.00. * * * "

Article 273, Code of Criminal Procedure of Texas, reads as follows:

"Requisites of a bail bond.- A bail bond shall be sufficient if it contain the following requisites:

"1. That it be made payable to the State of Texas.

"2. That the obligors thereto bind themselves that the defendant will appear before the proper court or magistrate to answer the accusation against him.

"3. If the defendant is charged with a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor.

"4. That the bond be signed by name or marked by the principal and sureties. (Underscoring ours.)

"5. That the bond state the time and
place, when and where the accused binds
himself to appear, and the court or magis-
trate before whom he is to appear. In stating
the time, it is sufficient to specify the
term of the court; and in stating the place,
it is sufficient to specify the name of the
court or magistrate, and of the county."

Article 277, Code of Criminal Procedure of Texas, reads as
follows:

"How bail taken. - Every court, judge,
magistrate or other officer taking bail shall
require evidence of the sufficiency of the
security offered; but, in every case, one
surety will be sufficient, if it be made to
appear that such surety is worth at least
double the amount of the sum for which he is
bound, exclusive of all property excepted by
law from execution, and of debts or other
encumbrances; that he is a resident of this
State, and has property herein liable to ex-
ecution worth the sum for which he is bound."

In answer to your Question No. 2, you are respectfully ad-
vised that it is the opinion of this department that before the
officer would be entitled to collect $1.50 for taking and ap-
proving a bond, that he should comply with Article 273 and Article
277, supra, of the Code of Criminal Procedure of Texas. You are
further respectfully advised that it is the opinion of this depart-
ment that if the constable has the motorist sign a bond out on the
highway without requiring sureties to sign, that the constable would
not be entitled to charge $1.50 for taking and approving a bond.
You are further respectfully advised that it is the opinion of this
department that the appearance ticket, if signed by the motorist, and
such signed copy given to the officer, is not a bond, and does not
entitle the officer to charge the $1.50 fee for taking and ap-
proving a bond.

Article 344, Penal Code of Texas, provides that a person is
legally confined in jail, or legally detained in custody, when he
has been committed or arrested upon a legal warrant, or arrested
in any legal manner.

Conference Opinion No. 2725, of this department, rendered
February 13, 1928, by H. Grady Chandler and Galloway Calhoun,
Assistants Attorney General, holds that a commitment for which
a peace officer is allowed a fee of $1.00 is for executing an order

of the court directing that a person be placed in jail, and an officer is not allowed to charge such fee in the absence of such order; that a capias or warrant is not a commitment for which a fee is allowed; that the judgment of a court is not, within itself, a commitment for which a fee is allowed; and that a release for which a peace officer is allowed a fee of $1.00 is for releasing or discharging a defendant from the force and effect of a judgment restraining him.

Conference Opinion No. 3058, of this department, follows Conference Opinion No. 2725, above referred to, and holds that the constable is entitled to a release fee if he releases the defendant from the force and effect of a judgment restraining him.

Article 1011, Code of Criminal Procedure of Texas, provides that "no item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law."

This department has repeatedly ruled that constables and other peace officers are not entitled to fees except for services performed, as outlined by the fee statute. See Opinions Nos. 0-106, 0-768, 0-1160, and many other opinions of this department.

In answer to your Question No. 3, you are respectfully advised that it is the opinion of this department that the constable is not entitled to charge $2.00 for a "commitment and release", under the facts stated therein.

In answer to your various questions under Question No. 3A of your request, you are respectfully advised that it is the opinion of this department that before an officer is entitled to charge $1.00 for a commitment in a misdemeanor case, that there must be a legal order of commitment issued by the court upon a valid judgment, and that the officer must serve such commitment by placing the defendant in jail, as directed in the commitment.

You are further respectfully advised that it is the opinion of this department that an officer cannot legally charge $1.00 for a commitment before conviction; and that the term "commitment" as used in Article 1065, means a commitment after conviction of the defendant, either to lay out his fine and costs, or to serve a jail sentence, or both.

You are further respectfully advised that it is the opinion of this department that an officer may not legally charge for more than one commitment in any misdemeanor case, or for more than one release in any misdemeanor case, and that he cannot charge either of these fees unless he actually earns said fees as required by law.

You are further respectfully advised that it is the opinion

of this department that if a constable or other officer has a defendant in his custody, and the constable or other officer releases the defendant from the force and effect of a judgment restraining the defendant, then, in that event, the constable or other officer would be entitled to a $1.00 release fee.

We are enclosing herewith copies of Opinions Nos. 0-261 and 0-3058, of this department, which we feel will answer some of your questions more in detail.

We wish to thank you for the very able brief you submitted to us, which has aided us greatly in the preparation of this opinion.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:FG-BK

APPROVED AUG. 7, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
By /s/ RUF
CHAIRMAN